**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**


**UNITED STATES OF AMERICA**

**vs.**                                                 **Criminal No. 3:05-cr-0065 HTW-JCS
Civil Action No. 3:06-cv-563 HTW-LRA**

**GEORGE AMOS**


**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is the motion of the defendant under Title 28 U.S.C. § 2255[1] to

vacate his sentence.  On July 13, 2006, this court entered a Judgment in a Criminal

Case against the defendant George Amos based on the defendant's plea of guilty to

one count of being a felon in possession of a firearm in violation of Title 18 U.S.C.

§ 922(g)(1).[2]  Following defendant's plea, this court sentenced him to serve 40[3] months

in the custody of the United States Bureau of Prisons, followed by three years of

supervised release.  The defendant did not appeal his sentence.  On October 10, 2006,

---

[1] Title 28 U.S.C. § 2255 provides in relevant part that "[a] prisoner in custody under
sentence of a court established by Act of Congress claiming the right to be released upon the
ground that the sentence was imposed in violation of the Constitution or laws of the United
States, or that the court was without jurisdiction to impose such sentence, or that the sentence
was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,
may move the court which imposed the sentence to vacate, set aside or correct the sentence."

[2] Title 18 U.S.C. § 922(g)(1) provides in relevant part that "[i]t shall be unlawful for any
person–(1) who has been convicted in any court of, a crime punishable by imprisonment for a
term exceeding one year, ... to ship or transport in interstate or foreign commerce, or possess
in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition;
or to receive any firearm or ammunition which has been shipped or transported in interstate or
foreign commerce."

[3] The Sentencing Guideline range was 37 to 46 months incarceration.

the defendant filed this motion to vacate, claiming that this court's sentence violated

*Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and that

his counsel had been ineffective for failing to file an appeal on the *Blakely*[4] ground.

On January 30, 2007, the defendant filed a motion to amend his § 2255 motion

to vacate, adding an insufficient evidence claim.  Then, on July 25, 2007, the defendant

added the claim that his counsel had provided ineffective assistance, relying upon *Rita*

*v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), a case dealing

with a district court's technical application of the United States Sentencing Guidelines.

Having reviewed the defendant's motion, this court finds that the writ should not issue

on any of the claims raised.

---

[4] In *Blakely v. Washington*, 542 U.S. 296, 524 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the United States Supreme Court invalidated the State of Washington's sentencing scheme, whereby a judge could possibly sentence a defendant to a punishment beyond a statutory range on the basis of judicially determined facts.  *Id.* at 2538.  In doing so, the Supreme Court applied the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  The Supreme Court in *Blakely* expressly declined to state whether its decision applied to the Federal Sentencing Guidelines.  *Blakely,* 120 S.Ct. at 2538.

The United States Supreme Court in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), extended its holding in *Blakely* to the Federal Sentencing Guidelines and concluded that there was "no distinction of constitutional significance between the Federal Sentencing Guidelines" and the state sentencing scheme at issue in *Blakely* and, in keeping with its earlier decision in *Apprendi*, stated: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  *Id.*, 125 S.Ct. At 756.  To remedy the guidelines' Sixth Amendment problem, the Supreme Court severed and excised 18 U.S.C. § 3553(b)(1) which required mandatory application of the guidelines.  *Id.* At 756-57, 765.  As a consequence, the guidelines are now advisory in all cases.  *Id.*

## WAIVER

The defendant entered into a Memorandum of Understanding with the United States wherein the defendant expressly waived his right to appeal his sentence on any ground, including but not limited to a proceeding under Title 28 U.S.C. § 2255. This court applies "general principles of contract law in order to interpret the terms of a plea agreement." *United States v. Cantu*, 185 F.3d 298, 304 (5th Cir. 1999). A waiver-of-appeal provision is to be construed against the government as the drafter of the agreement. *United States v. Somner*, 127 F.3d 405, 408 (5th Cir. 1997). In the instant case, the defendant's agreement to waive his right to appeal or to engage in a collateral attack under § 2255 could not be clearer.

A defendant may waive the right to post-conviction relief under Title 28 U.S.C. § 2255 as part of a plea agreement if the waiver is informed and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Such waivers of the right to appeal are knowing, voluntary and constitutional if the court engages the defendant and discusses the plea agreement. *United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999).

The plea agreement in this case was read to the defendant in open court. A discussion of the defendant's waiver of his right to trial and appeal took place during the court's Rule 11 colloquy with the defendant, where this court asked him whether he had read the agreement and whether he understood what it meant. The defendant answered that he had read it and that he understood it. Moreover, the defendant does not now contest that he signed the Memorandum of Understanding knowingly and

voluntarily. The defendant claims, instead, that his sentence was calculated improperly, imposing a four-point enhancement imposed when the possession of a firearm by a convicted felon is in connection with another crime.[5] Thus, by entering a plea of guilty under the terms of the Memorandum of Understanding, the defendant gave up his right to a trial, his right to an appeal, and his right to pursue this collateral attack against his conviction and sentence pursuant to Title 28 U.S.C. § 2255.

## THE COURT'S APPLICATION OF THE SENTENCING GUIDELINES

The defendant contends that this court applied the four level enhancement as provided by Section 2K2.1(b)(5) of the United States Sentencing Guidelines improperly. A district court's technical application of the Sentencing Guidelines does not give rise to a constitutional issue cognizable under Title 28 U.S.C. § 2255. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 232-33 (5th Cir. 1994); *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir.), *cert. denied*, 500 U.S. 924, 111 S.Ct. 2032, 114 L.Ed.2d 117 (1991). Accordingly, the defendant's claim that this court erred in imposing the four level enhancement under the sentencing guidelines is not cognizable under § 2255. Moreover, no error was committed in the instant case.

On the day of the defendant's sentencing, his counsel objected to proceeding without a determination in state court that the defendant was guilty of a felony committed at the time he was found in possession of a firearm. The defendant had

---

[5] Section 2K2.1(b)(5) of the United States Sentencing Guidelines provides that "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, **increase by 4 levels.** If the resulting level is less than level 18, increase to level 18."

been arrested in Hinds County, Mississippi, on a separate charge under state law for which an indictment was pending. The defendant was arrested for that crime with his firearm in close proximity. The Assistant United States Attorney informed the court that the state prosecutor had not yet proceeded with its felony charge in this matter, but assured this court that whatever sentence was imposed by this court, the state court sentence would run concurrently to the sentence this court imposed.

The defendant's counsel argued that an indictment and conviction in Hinds County, Mississippi, would have to occur before the defendant's sentencing in federal court could proceed since the pre-sentencing report imposed a four level enhancement under Section 2K2.1(b)(1), an enhancement which requires that the firearm be used in connection with another felony. This court then asked for comment from the United States Probation Officer. The Probation Officer responded that the enhancement applies regardless of whether a criminal charge was brought on the related felony, or whether a conviction was obtained. *United States v. Villegas*, 404 F.3d 355, 363 (5th Cir. 2005) (citing § 2K2.1(b)(5), comment. (N.7). This court then rejected counsel's argument. This court is persuaded still that the four level enhancement was applied properly in this case.

## THE SUFFICIENCY OF THE EVIDENCE AMENDMENT

On January 30, 2007, the defendant sought to amend his § 2255 motion with a claim that the evidence did not support his conviction. This is an issue which should have been raised on direct appeal. As noted previously, the defendant waived his right to appeal when he entered his plea of guilty. Had the defendant desired to test the sufficiency of the evidence against him, he could have chosen to go to trial. He chose,

instead, to enter a guilty plea and waive his right to appeal. Now, the defendant seeks

to raise a matter collaterally which is procedurally barred.

Both the United States Supreme Court and the United States Court of Appeals

for the Fifth Circuit have emphasized repeatedly that "a collateral challenge may not do

service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991), *cert.*

*denied*, 502 U.S. 1076 (1992); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct.

1584, 1593, 71 L.Ed.2d 816 (1982). After conviction and exhaustion or waiver of any

right to appeal, this court is entitled to presume that "the defendant stands fairly and

finally convicted." *Shaid*, 937 F.2d at 231-232; *Frady*, 456 U.S. at 164.

Furthermore, relief requested under § 2255 "is reserved for transgressions of

constitutional rights and for that narrow compass of other injury that could not have

been raised on direct appeal and would, if condoned, result in a complete miscarriage

of justice." *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. 1981). Non-

constitutional claims that could have been raised on direct appeal, but were not, may

not be asserted in a § 2255 collateral proceeding. *United States v. Vaughn*, 955 F.2d

367, 368 (5th Cir. 1992).

The defendant knowingly and voluntarily chose not to seek an appeal. He

cannot now be heard to say that he was denied his right to appeal. The insufficiency of

the evidence argument is procedurally barred and wholly without merit.

### THE INEFFECTIVE ASSISTANCE CLAIM

Finally, the defendant has raised an ineffective assistance of counsel argument.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the

6

United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel, that a convicted defendant seeking relief must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* If a court finds that petitioner has made an insufficient showing as to either one of the two prongs of inquiry, i.e., deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

Under the deficient performance prong of the *Strickland* test, "it is necessary to 'judge .. counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (citing *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066). "An attorney's performance, which enjoys a strong presumption of adequacy, is deficient if it is objectively unreasonable." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.), quoting *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995), *cert. denied*, 516 U.S. 1165, 116 S.Ct. 1056, 134 L.Ed.2d 201 (1996). The petitioner must prove that the conduct of trial counsel fell below the constitutional minimum guaranteed by the Sixth Amendment. *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994), citing *Strickland*, 466 U.S. at 686. This court's analysis of counsel's performance takes into account the reasonableness of counsel's actions in light of all the circumstances. *Strickland*, 466 U.S. at 688-89, 104 S.Ct. at 2065. The defendant "carries the burden of proof ... and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance." *Crockett v. McCotter*,

796 F.2d 787, 791 (5ᵗʰ Cir.), *cert. denied*, 479 U.S. 1021, 107 S.Ct. 678, 93 L.Ed.2d 728 (1986).

In the instant case, the defendant's only contention is that his counsel failed to perfect an appeal on the § 2K2.1(b)(5) four level enhancement of his sentence. As noted earlier, it was the defendant himself who agreed to waive his right to appeal his sentence except under limited circumstances, these being the right to appeal any punishment imposed in excess of the statutory maximum and any punishment to the extent it constitutes an upward departure from the Guideline range deemed most applicable by the sentencing court. The sentence for the defendant, 40 months, was well under the statutory maximum of 10 years[6] and, far from being an upward departure, it was actually in the lower Guideline range.

Therefore, inasmuch as the defendant waived his right to appeal his sentence and inasmuch as the four level enhancement under § 2K2.1(b)(5) was not unconstitutional or even erroneous, the defendant's counsel was not ineffective by not taking an appeal. Such an appeal, had it been filed, would have likely been subject to summary dismissal by the Fifth Circuit.

### CONCLUSION

The motion of the defendant George Amos to vacate his sentence under Title 28 U.S.C. § 2255 is hereby denied for the reasons stated. The motion for affidavits and to extend time **[docket # 16]** is terminated as moot. The court has considered the

---

[6] Title 18 U.S.C. § 924(a)(2) provides that "[w]hoever knowingly violates ... subsection (g) ... of section 922 shall be fined as provided in this title, imprisoned not more than **10 years**, or both."

substance of the two motions to amend the defendant's motion to vacate **[docket # 19**

**and # 20]**, and they are denied for the reasons already stated above.

 

 

**SO ORDERED, this the 31st day of March, 2010.**

> **s/ HENRY T. WINGATE**
> **CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**

Criminal No. 3:05-cr-0065 HTW-JCS
Civil Action No. 3:06-cv-563 HTW-LRA
Memorandum Opinion and Order